McKinney, J.,
delivered the opinion of the Court.
This suit was commenced before a Justice, on a premium note, made by the defendant, Maxey, to the “Mutual Protection Insurance Company of Nashville.”
On- the 14th of March, 1851, the Company issued a life-policy to Maxey, for the benefit of his wife and children, in the amount of five thousand dollars, for the term of seven years, from the date of the policy, in consideration of the annual ^premium of $103 50, to be paid on or before the 14th day of March, each year, during the continuance of the policy.
*175 The note sued on included the premium for the year ending March 14, 1856, and balances due on the annual premiums of previous years.
The Company was constituted by a charter of incorporation granted in 1847. In the early part of the year 1856, the Company became embarrassed by heavy losses; in consequence of which, a dissolution of the Company, and liquidation of its affairs, was determined upon; and for the accomplishment of this end an assignment of its effects was made to a trustee.
On the 30th of January, 1856, the Company issued a statement of the business and condition of the institution for the year ending last of December, 1855, showing a net balance of the profits for the year of $941 00; and therein giving notice to holders of unexpired policies “ that the liability of the Company will cease, from and after this date, and (the holders of unexpired policies) are advised to obtain insurances elsewhere, should their interest demand it. Premiums will be refunded for such unexpired term.”
By the 13th section of the charter, the Company is authorized, for the better security of its dealers, to receive premium notes in advance, of persons intending to receive its policies; and to negotiate such notes for the purpose of paying claims, or otherwise, in the course of its business; and on such portions of said notes as may exceed the amount of premiums paid by the respective signers thereof, at the successive periods when the Company shall make up its E^nnual statement, to make a compensation to the makers of such notes, not exceeding five per cent, per annum. There is no evidence whatever to repel the inference that the defendant, as well *176 as the other holders of unexpired policies, and members of the Company assented to the dissolution of the Company. So far as respects the defendant, the attitude in ■which he has voluntarily placed himself, by resisting the payment of the note sued on, is conclusive upon him, of his assent that the contract is at an end, and that the policy is to be treated as cancelled by mutual agreement.
Nor is there any evidence that any losses remain unsatisfied, or that any liability whatever existed against the Company, at the time of the issuance of the notice of dissolution. On the contrary, the statement of the condition and affairs of the Company, accompanying the notice, and made in conformity with the requirement of the charter, shows that after payment of all losses and expenses, there remained a net balance on hand of nearly one thousand dollars; and furthermore, in the notice issued, the Company proposes to refund all premiums for Unexpired terms: of course this would not have been done, if there had remained any liabilities to be met by 'the Company. On the foregoing facts, it was held, on appeal from the justice’s judgment to the Circuit Court, that the plaintiff was not entitled to recover, and judgment was rendered accordingly. Was this judgment erroneous? The liability of the defendant to pay the note, prior to the rescission of the contract, is not questioned, nor could it be. The Company was constituted upon what is known as the mutual principle of insurance, according to which all the persons assured become thereby members of the Company, and are mutual insurers: the whole body become reciprocally bound for all losses, and share between themselves the whole *177 profits. The plan is for each person assured to pay such portion of the premium in cash, as may be required to meet current expenses, and to give a note, called a premium note, for ■ the residue. These notes constitute the capital stock, and are liable to the satisfaction of all losses sustained, as are all other effects of the Company. And there can be ' no doubt but that in the event of the failure of the Company, or of its' dissolution by mutual consent, such notes would be liable to satisfy the assured losers, who would have an immediate vested interest in the entire funds and effects' of the Company. The debtors of the> Company could not be discharged of their liabilities by a mere resolution of the members to discontinue business. But this concession avails the plaintiff nothing. In the case before us, as appears from the record, there are no losses to be paid — no liabilities to be discharged. The defense rests upon the ground that the Company, before the expiration of the term of insurance, abandoned and refused to be further bound by the contract with the defendant.
The contract of insurance is one of indemnity, and is subject, generally speaking, to the rules applicable to other contracts. The risk assumed by the insurer, on the one side, and the premium paid by the assured on the other, are the essential elements,. The premium, is the consideration ‘for the risk;; and if the insurer do not in fact run the> risk, or if -he be discharged from it, the consideration fails; consequently.- if the premium, in whole or part, remains unpaid, it cannot be demanded; and if paid, may be recovered updn an implied promise. It is correctly argued that the Company could not, by *178 its own act, put an end to tbe contract with the defendant. To<- rescind, or cancel it, the assent of both parties was necessary. If' the position were correct that an action against the Company — supposing the death to happen- within the term of insurance — might be maintained, it would necessarily follow, that no defense could be made to the recovery sought in this case. But we have seen that the defendant is estopped to deny that he assented to the rescission proposed by the Company. Again, the offer of the Company, in the notice of its discontinuance, to refund to the holders of unexpired policies the premiums paid by them, is a surrender of the question. If such holders were entitled to have refunded, so much as may have been paid, in advance, of' the premiums;- certainly they could not be required to pay the balances remaining unpaid.
The judgment will be affirmed.